278

647 A.2d 1217

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Mark Joseph ADAMS.

Misc. (Subtitle BV) No. 33, Sept. Term, 1993.

Court of Appeals of Maryland.

Sept. 29, 1994.

Melvin Hirshman, Bar Counsel, and Walter D. Murphy, Jr., Deputy Bar Counsel, for Atty. Grievance Com'n of Maryland.

Mark J. Adams, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

## ORDER

By Order dated January 11, 1994, this Court indefinitely suspended Mark Joseph Adams from the practice of law for

violations of the Rules of Professional Conduct. See *Attorney Grievance Commission of Maryland v. Mark Joseph Adams,* 333 Md. 322, 635 A.2d 394.

Thereafter, on April 22, 1994, Judge Elsbeth Levy Bothe, in the Circuit Court for Baltimore City, upon another Petition for Disciplinary Action against Adams, found that he had engaged in other acts of misconduct violative of the Rules of Professional Conduct, as set forth in Judge Bothe's Findings of Fact and Conclusions of Law hereto attached.

No exceptions having been filed to these Findings, Bar Counsel recommended that Adams be disbarred from the practice of law.

On September 9, 1994, Adams appeared before this Court, stating that he had no intention ever again of practicing law, that his misconduct was, in part at least, the result of a mental condition, that he was now gainfully employed outside of the practice of law and willingly consented to a permanent continuation of his indefinite suspension.

It is this 29th day of September, 1994, by the Court of Appeals of Maryland, a majority of the Court concurring, ORDERED that Adams' indefinite suspension be continued on a permanent basis upon the proviso that all outstanding costs owed to the Attorney Grievance Commission by Adams, amounting to $1514.50 for which judgment was previously entered in favor of the Attorney Grievance Commission, 333 Md. at 323 and $765.00 for which sum judgment is now entered in favor of the Attorney Grievance Commission for a total under both judgments of $2279.50, be paid within a reasonable time fixed by Bar Counsel. Should Adams fail to meet this obligation, Bar Counsel should so advise the Court and may renew his request that Adams' indefinite suspension be terminated and that he be disbarred from the practice of law in this State.